IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDMUND AWAH        *
       Plaintiff,
     v.        *    CIVIL ACTION NO. DKC-10-2748

BEST BUY STORES        *
       Defendant.
       ***

## **MEMORANDUM OPINION**

Plaintiff, a resident of Montgomery Village, Maryland, filed this *pro se, in forma pauperis* 28 U.S.C. § 1332 diversity complaint, sounding in contract and tort, on October 5, 2010. The Complaint seeks cumulative damages for negligence, breach of contract, and detinue against a Best Buy store in Germantown, Maryland. Plaintiff complains that within a year of his 2008 purchase of his computer it showed problems, including an inability to execute basic functions and, as it was under warranty, he took it back to the store in August of 2009. He alleges that after being informed that "stress" testing of the computer may result of loss of stored data, he paid $99.00 so that the store would back up his material. Plaintiff claims that Defendant's employees failed to run the program to secure the back up of the computer's system, resulting in the loss of personal documents representing "an array of lifetime data." Paper No. 1. Because he appears indigent, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* shall be granted.

This Court is a court of limited original jurisdiction. It does not sit to review every claim routinely filed in the state courts and has jurisdiction to review such claims only if diversity of citizenship jurisdiction exists. Diversity jurisdiction under 28 U.S.C. § 1332 exists where the

parties are diverse *and* the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.[1]

The Complaint as presented fails clearly to meet diversity of citizenship requirements. When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 ($2^d$ Cir. 1998). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). According to the Complaint, there is no complete diversity as the parties both reside in Maryland. Second, the damages set out by Plaintiff may not meet the jurisdictional amount under 28 U.S.C. § 1332. It is a firmly established general rule of the federal courts that a Plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to the qualification that a Plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute. *Id*. In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the Plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938); *see also Shanaghan v. Cahill*, 58 F.3d 106, 100 (4th Cir. 1995).

---

[1] Congress imposed an amount in controversy requirement to limit the number of diversity cases in federal court. *See Herlihy v. Ply-Gem Indus.*, Inc., 752 F. Supp. 1282, 1285 (D. Md. 1990).

In the instant case Plaintiff alleges expenses of a $99.00 fee to back-up the information on his computer. Undoubtedly, Plaintiff suffered additional incalculable costs for the loss of a "lifetime" of personal photographs, court documents, letters, and other memorabilia, but such speculative amounts may not suffice. Accordingly, Plaintiff shall be required to supplement the Complaint to demonstrate subject-matter jurisdiction. A separate Order follows.


Date: __October 15, 2010__            _____/s/_____
                                                     DEBORAH K. CHASANOW
                                                     United States District Judge