IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDMUND AWAH                  *
         Plaintiff,
     v.                         *    CIVIL ACTION NO. DKC-10-2748

BEST BUY STORES        *
         Defendant.
                               ***

**<u>MEMORANDUM OPINION</u>**

Plaintiff, a resident of Montgomery Village, Maryland, filed this *pro se, in forma pauperis* 28 U.S.C. § 1332 diversity complaint, sounding in contract and tort, on October 5, 2010. The original Complaint sought cumulative damages of $605,000.00 for negligence, breach of contract, and detinue against Best Buy Stores ("Best Buy") in Germantown, Maryland. On October 15, 2010, the court issued a Memorandum Opinion and Order directing Plaintiff to supplement his Complaint to show cause why the court should maintain jurisdiction over this matter. On November 16, 2010, Plaintiff filed his Supplement. ECF No. 5.

The Supplemental Complaint, for all intents and purposes, mirrors those claims raised in the original Complaint. It once more sets out counts of negligence, breach of contract, and detinue. Plaintiff again complains that within a year of his October 26, 2008 purchase of his DELL computer at Best Buy it started to "slow down" and to fail to execute basic functions, such as playing video clips. ECF No. 5. He claims that as it was under warranty for labor and parts, he took it back to the store in August of 2009. Plaintiff alleges that after being informed that "stress" testing of the computer may result of loss of stored data, he decided to pay a $99.00 fee so that the store would back up his material. Plaintiff claims that Defendant maintains an in-house computer help desk

known as the "GEEK Squad" to run computer checks and repairs and GEEK Squad personnel failed to run the program to secure the back up of the computer's system while conducting a stress test, resulting in the permanent loss of a "lifetime collection of data." ECF No. 5. The Supplemental Complaint seeks no particular damages, but asks that "compensatory damages in the full and just amount be decided at trial, plus costs, pre-judgment interest, and post judgment interest." *Id*.

As previously noted, this Court is a court of limited original jurisdiction. It does not sit to review every claim routinely filed in the state courts and has jurisdiction to review such claims only if diversity of citizenship jurisdiction exists. Diversity jurisdiction under 28 U.S.C. § 1332 exists where the parties are diverse *and* the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

The court previously noted that the parties both reside in Maryland. When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2$^d$ Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

Plaintiff's Supplemental Complaint contends that diversity of citizenship exists under § 1332. He argues that he is not a resident of Maryland as he is not yet admitted as a legal permanent resident ("LPR") in the United States. ECF No. 5 at 1. Under § 1332(a)(2), this Court has subject

matter jurisdiction over any civil action where the amount in controversy exceeds $75,000 and the action is between "citizens of a State and citizens or subjects of a foreign state." *Id.* Section 1332(a) further states: "[f]or purposes of this section,…an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." *Id.* Thus, an alien lawfully admitted into the United States for permanent residence under immigration laws is, for diversity purposes, deemed to be a citizen of the state in which he or she resides. *Id.* Conversely, foreign nationals not admitted by the United States Citizenship and Immigration Services ("USCIS") as permanent residents are not "citizens" of their state of domicile, no matter how long there they live. *See Foy v. Schantz, Schatzman & Aronson,* 108 F.3d 1347, 1349 (11th Cir. 1997). Thus, it is an individual's immigration status, not his or her contacts with the United States, which determines "citizenship" for diversity purposes. *See Kato v. County of Westchester,* 927 F.Supp. 714, 715-17 (S.D. N.Y. 1996) (Japanese decedent present in United States on temporary visa could not be deemed lawful permanent resident for purposes of diversity jurisdiction even though he lived in United States for twenty-seven years, apparently wanted to remain in the United States permanently, and had extensive business and personal contacts with New York State).

Even assuming Plaintiff is a not an LPR and is not a "citizen" of the State of Maryland, his domicile,[1] the damages set out by Plaintiff fail to meet the jurisdictional amount in controversy under 28 U.S.C. § 1332. It is a firmly established general rule of the federal courts that a Plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to

---

[1] Plaintiff does not dispute the fact that he is domiciled in Maryland and his filing history in this court shows that he has lived in Montgomery County since 2006. *See Awah v. Center for International Education, Inc.,* Civil Action No. RDB-06-1280 (D. Md.).

3

the qualification that a Plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute. *Id*. In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the Plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938); *see also Shanaghan v. Cahill*, 58 F.3d 106, 100 (4th Cir. 1995).

In the instant case Plaintiff alleges nominal expenses of a $99.00 fee paid to back-up the information on his computer. The court does not minimize the emotional toll from the alleged loss Plaintiff's "unique historical collection of photographs" dating back some forty years and the loss of court documents, letters, computer programs, and other memorabilia. Notwithstanding this allegation, however, when considering the sum certain involved in this case, the court is not satisfied to a legal certainty that Plaintiff's claim is colorable for the purpose of conferring federal jurisdiction. The court finds that Plaintiff's cause of action does not satisfy diversity of citizenship requirements.

Finally, the undersigned observes that Plaintiff filed the same case in the state courts. On April 22, 2010, he filed an action against Best Buy, sounding in negligence, breach of contract, and return of property in the Circuit Court for Montgomery County. *See Awah v. Best Buy Stores*, Case No. 330883V. (*See* attached docket sheet and complaint).

A federal court may decline to exercise its jurisdiction because of parallel state-court litigation only in "exceptional circumstances;" only the clearest of justifications will warrant dismissal. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). While duplicative litigation is allowed, the *Colorado River* abstention doctrine prevents piecemeal litigation and the concomitant danger of inconsistent rulings. *See Great American Ins. Co. v. Gross,*

4

468 F.3d 199, 209 (4th Cir. 2006). A federal district court may abstain from exercising its jurisdiction in certain cases "where a federal case duplicates contemporaneous state proceedings" and "exceptional circumstances" related to the conservation of judicial resources and wise judicial administration "clearly favor[ ] abstention." *Vulcan Chem. Techs., Inc. v. Barker,* 297 F.3d 332, 340-41 (4th Cir. 2002) (citations omitted).

As the Supreme Court noted in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983), the duty of the district court "is not to find some substantial reason for the exercise of federal jurisdiction ... rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest justifications,' that can suffice under *Colorado River* to justify surrender of that jurisdiction." *Id.* at 25-26 (emphasis in original).

In deciding whether "exceptional circumstances" exist, the following six relevant factors are to be examined: (1) assumption by either court of jurisdiction over an object or subject matter, also known as a "res," (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *See Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457, 463 (4th Cir. 2005).

The decision whether to dismiss a federal action because of parallel state court litigation does not, however, rest on the aforementioned mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. *See Gannett Co., Inc. v. Clark Const. Group, Inc.*, 286 F.3d 737, 744 (4th

5

Cir. 2002). Federal courts abstain out of deference to the paramount interests of another sovereign, and the concern is with principles of comity and federalism. *Id*. at 746.

Where as, here, the suits are parallel as they have the same parties and same issues; the federal court case is in its infancy, having just been filed, and the state court case filed six months earlier has proceeded through hearing, scheduling, and the advent of discovery; the case at issue solely involves the presence of state law issues; the state circuit court has assumed jurisdiction over the property and will provide Plaintiff a more than adequate vehicle for protecting his rights and resolving the issues between the parties; and retention of jurisdiction creates the possibilities of inconsistent results, the court declines to exercise its jurisdiction over the matter and shall abstain from review.

The matter shall be dismissed by separate Order.

Date:  November 30, 2010               /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge